```
 1  RANDY S. GROSSMAN
    United States Attorney
 2  MARIETTA I. GECKOS
    Assistant U.S. Attorney
 3  California Bar No.: 271111
    Office of the U.S. Attorney
 4  880 Front Street, Room 6293
    San Diego, CA 92101
 5  Tel: (619) 546-6952

 6  Attorneys for Plaintiff
    United States of America
 7
```



FILED
AUG 0 9 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERTO PIMENTEL, JR.,<br><br>    Defendant | Case No. 23CR01450<br><br>**PLEA AGREEMENT**<br><br>(Alternatives to Prison Solutions Diversion Program) |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Marietta I. Geckos, Assistant United States Attorney, and defendant, ALBERTO PIMENTEL, JR., with the advice and consent of Daniela Muehleisen and Nancee Schwartz, counsel for defendant, as follows:

//
//
//
//
//
//
//
//

MIG:cd:7/28/23                                               Def. Initials AP

I

**THE PLEA**

A. **THE CHARGE**

Defendant agrees to waive Indictment and plead guilty to Count 1 of a two-count Information charging defendant with:

> On or about June 26, 2023, within the Southern District of California, defendant, ALBERTO PIMENTEL, JR., knowing and in reckless disregard of the fact that an alien, namely, JOAQUIN SIXTOS NAVARRETE, had come to, entered and remained in the United States in violation of law, did knowingly transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

B. **ALTERNATIVES TO PRISON SOLUTIONS DIVERSION PROGRAM**

Defendant acknowledges that defendant is entering this plea pursuant to the Alternatives To Prison Solutions Diversion (APSD) Program (the APSD Program) and incorporates the terms and conditions of the "APSD Program Contract" into this plea agreement.

Upon defendant's plea of guilty and accompanying factual basis, the parties will request that the Court defer entry of judgment and sentencing for a period of at least 12 months, although the period of diversion may be extended to up to 24 months pursuant to the APSD Program Contract.

The parties jointly recommend that during the period of diversion, defendant:

1. Shall remain under the supervision of United States Pretrial Services and continue to abide by the terms and conditions of pretrial release and the "APSD Program Contract"; and,

2. Shall not violate any federal, state or local law.

At the end of the period of diversion, if defendant has complied with the above conditions, and successfully completed the APSD Program,

2 Def. Initials AP
CR

the United States will move to dismiss the Information with prejudice. Conversely, if during the period of diversion, defendant either (1) voluntarily withdraws from the APSD Program or (2) is terminated from the APSD Program for failure to comply with any of the conditions set forth in the ASPD Program Contract, or with the conditions of pretrial release, the latter having been found by the Court after a hearing pursuant to Title 18, United States Code, Section 3148, the matter will be set for presentence report and sentencing in the normal course of business.

Defendant is aware of the right to a speedy trial (within 70 days of the filing of the Information) on these charges and expressly waives that right. In addition, defendant stipulates that the time period from the proffer of defendant's plea of guilty until the conclusion of the diversionary proceedings is excludable time pursuant to 18 U.S.C. §§ 3161(h)(2) and (7)(A).

Defendant agrees that if terminated from the APSD Program (either voluntary or involuntary), defendant nevertheless has no right to withdraw the plea.

C. EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

In return for the concessions made by the Government herein, defendant agrees further as follows:

    1. Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

3

Def. Initials AP
CR

2. Upon the proffer of defendant's guilty plea before the Court, and not withstanding any preservation order(s) entered by the Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

a. Any cellular device(s); and

b. Any vehicle(s).

3. After the proffer of defendant's guilty plea before the Court, defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

D. DISMISSAL OF THE REMAINING COUNTS

The Government agrees to (1) move to dismiss the remaining counts (if any) without prejudice when defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charge(s) unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

E. NO PROSECUTION ON THE MANDATORY MINIMUM COUNT

In exchange for defendant's guilty plea and provided defendant complies fully with all terms of this plea agreement, the Government agrees not to charge defendant with additional counts in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), which carries a mandatory minimum sentence.

II

**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1. The person specified in the count was an alien.

2. The person specified in the count was not lawfully in the United States.

4                                          Def. Initials AP
                                                   CR

    3.    Defendant knew or acted in reckless disregard of the fact that the person specified in the count was not lawfully in the United States.

    4.    Defendant knowingly transported or moved the person specified in the count in order to help that person remain in the United States illegally.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

    1.    The person specified in the count was an alien, not a citizen or national of the United States, and was not lawfully in the United States.

    2.    Defendant knew, or acted in reckless disregard of the fact, that the person specified in the count was not lawfully in the United States.

    3.    On June 26, 2023, defendant knowingly transported or moved the person specified in the count along with one other alien without legal status within the Southern District of California in order to help them remain in the United States illegally. Defendant and the aliens were apprehended near the San Clemente, California California.

    4.    The person specified in the count was paying $10,000.00 to defendant or others to be brought into the United States illegally and/or transported or moved illegally to his destination therein.

### III

### PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A.    A maximum 5 years in prison;

B.    A maximum $250,000.00 fine;

C.    A mandatory special assessment of $100.00 per count;

5                       Def. Initials 
                                                CR

D. Unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count;

E. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

F. Possible ineligibility for certain Federal benefits.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a

6                                          Def. Initials  AP
                                               CR

defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

7     Def. Initials  AP
      CR

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any

8

Def. Initials _AP_
CR _____

of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

## **PARTIES' SENTENCING RECOMMENDATIONS**

A.  SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

1. Base Offense Level [USSG § 2L1.1(a)(3)]           12
2. Prior Immigration Felony [USSG § 2L1.1(b)(3)]     *
3. Acceptance of Responsibility [USSG § 3E1.1]       -2
4. Departure for Fast Track [USSG § 5K3.1]           -2**

**\*There is no agreement regarding defendant's criminal history category. However, if defendant has previously sustained a conviction for a felony immigration and naturalization offense, the parties will recommend a +2 adjustment, pursuant to USSG § 2L1.1(b)(3)(A). If defendant has previously sustained two or more such felony immigration convictions, the parties will recommend a +4 adjustment, pursuant to USSG § 2L1.1(b)(3)(B).**

**\*\*The Government reserves the right to reduce its recommended fast track departure if defendant does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or sentencing is continued on the Court's own motion.**

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in

9

Def. Initials AP
CR

conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend that defendant be sentenced to the greater of: the low end of the advisory guideline range as calculated

by the Government, 90 days in custody, or the time served in custody at the time of sentencing.

### G. SPECIAL ASSESSMENTS AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.

In addition, unless the sentencing court finds defendant to be indigent, the parties also will jointly recommend that defendant pay an additional special assessment in the amount of $5,000 per count of qualifying conviction, which shall not be payable until defendant satisfies all outstanding fines, orders of restitution, and any other obligation in this case related to victim-compensation. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

### H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

//

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.   Failing to plead guilty pursuant to this agreement;

12                         Def. Initials AP
                                      CR

B.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.  Failing to appear in court;

D.  Attempting to withdraw the plea;

E.  Failing to abide by any court order related to this case;

F.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement

or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

XIII

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

XIV

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that Defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//

Def. Initials AP
CR

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

DATED 08/08/23

MARIETTA I. GECKOS
Assistant U.S. Attorney

DATED 8/2/23

DANIELA MUEHLEISEN/NANCEE SCHWARTZ
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

DATED 08/02/23

ALBERTO PIMENTEL, JR.
Defendant

Approved by:

*s/ Charlotte E. Kaiser*
CHARLOTTE E. KAISER
Assistant U.S. Attorney

5/30/2023 cek

15                                                        Def. Initials AP
                                                                    CR